# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MIRTHA KUNDERT, | ) |
| Plaintiff, | ) CIVIL ACTION FILE NO: |
| v. | ) _____ |
| ALLNEX USA, INC., | ) |
| Defendant, | ) **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Mirtha Kundert (hereinafter "Plaintiff" or "Ms. Kundert") files her Complaint against Defendant Allnex USA, Inc. (hereinafter "Defendant" or "Allnex") based on the following allegations:

## INTRODUCTION

1.

This is an age discrimination based on the unlawful termination of Ms. Kundert from Allnex due to age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA), 29 U.S.C. § 621 *et seq.*, as amended.

2.

Ms. Kundert was seventy-three (73) at the time of her layoff and was the only employee in the Transportation Department who was laid off. Ms. Kundert

1

was asked to interview and train her replacement, who was substantially younger than Ms. Kundert.

3.

Ms. Kundert also asserts a claim of retaliation under the ADEA due to her layoff date being moved to an earlier date than originally proposed after raising concerns that her inclusion in the layoff and timing of same was due to age discrimination.

**PARTIES, JURISDICTION, AND VENUE**

4.

Ms. Kundert is a resident of the State of Georgia and was over the age of forty (40) at all times relevant to this Complaint. She worked for Allnex from August 10, 1995 to April 17, 2020, when she was terminated at the age of seventy-three (73).

5.

Allnex is a Delaware corporation licensed to do business in the State of Georgia, and service of process may be effectuated through its registered agent, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, GA 30092. Allnex is subject to the personal jurisdiction of this Court.

6.

At all times relevant to this suit, Allnex employed more than four hundred fifty (450) employees and is been subject to mandates of the ADEA not to discriminate in employment decisions on the basis of age.

7.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the claims to be asserted raise federal questions of law.

8.

Pursuant to 28 U.S.C. § 1391, venue is proper because the acts, events, and occurrences giving rise to Ms. Kundert's claims took place within this judicial district and division.

**ADMINISTRATIVE PROCEEDINGS**

9.

On May 5, 2020, Ms. Kundert filed a Charge of Discrimination alleging age discrimination and retaliation with the United States Equal Employment Opportunity Commission ("EEOC").

10.

Ms. Kundert received a Notice of Right to Sue letter from the EEOC on February 3, 2021. She properly filed this Complaint within ninety (90) days of

receiving the Right to Sue letter.

## STATEMENT OF FACTS

11.

Ms. Kundert was born on June 26, 1946, and was seventy-three (73) years old at the time of her termination.

12.

Ms. Kundert was hired by a predecessor company August 10, 1995, to work in its Latin American Division. The predecessor company was later acquired by Allnex.

13.

Ms. Kundert worked for Allnex, or the predecessor companies that were acquired by Allnex, for twenty-four (24) years and eight (8) months.

14.

Immediately preceding her termination, Ms. Kundert served as an Export Coordinator in the Transportation Department.

15.

In 2019, Allnex announced that it would be doing an alleged reorganization.

16.

In early December 2019, Ms. Kundert's supervisor asked her when she

planned to retire.

17.

Ms. Kundert told her supervisor that she hoped to work for two (2) more years, or around the age of seventy-five (75).

18.

In late December 2019, Ms. Kundert was told she was being laid off as part of the alleged reorganization.

19.

Ms. Kundert, however, was the only employee in the Transportation Department selected for layoff.

20.

Ms. Kundert's position and/or job duties were not eliminated in the reorganization. Rather, a substantially younger employee was hired to take over Ms. Kundert's position and/or job duties.

21.

Upon information and belief, Ms. Kundert was also the oldest employee within her division at the time she was selected for layoff.

22.

Thus, Ms. Kundert's position was not truly included in the reorganization.

Instead, Allnex used the reorganization of other employees as an excuse to layoff Ms. Kundert who was aging into her seventies (70s).

23.

On January 23, 2020, Ms. Kundert was provided with a severance package noting a layoff date of June 30, 2020. As part of her severance package, she was offered seven (7) months of severance pay in accordance with Allnex's severance policy in exchange for a release of claims.

24.

Ms. Kundert later learned that if she would have been allowed to work until on or around August 10, 2020, her twenty-fifth (25th) work anniversary, she would have been eligible for a total of twelve (12) months of severance pay for reaching twenty-five (25) years of employment—that is, Ms. Kundert was being terminated approximately forty (40) days before Allnex would owe her an additional five (5) months of severance pay.

25.

Upon information and belief, Allnex continued to layoff employees in a phased manner and dates that included past August 10, 2020.

26.

After being notified of her pending layoff, Ms. Kundert was asked to

interview her replacement.

27.

Ms. Kundert was not offered the opportunity to stay in her position or that she could re-apply for her position.

28.

Ms. Kundert was then asked to train her replacement. Thus, Ms. Kundert trained a substantially younger employee to do Ms. Kundert's job duties that were going to continue past Ms. Kundert's termination date.

29.

Upon information and belief, Ms. Kundert's replacement was in her late thirties (30s), approximately half the age of Ms. Kundert.

30.

After learning of her layoff and being forced to train her younger replacement, Ms. Kundert began raising concerns about her inclusion in the layoff due to her age and the timing of her layoff.

31.

On February 25, 2020, Ms. Kundert specifically raised concerns to her supervisor by email that she was being laid off, or forced to retire, just before turning seventy-four (74), approximately forty (40) days before her twenty-fifth

(25th) work anniversary and eligibility for twelve (12) months of severance, rather than seven (7).

32.

Ms. Kundert did not ask to retire, previously stating she hoped to work until age seventy-five (75). Ms. Kundert did ask her supervisors that if she was going to be forced to retire through a layoff that she at least be permitted to work until her twenty-fifth (25th) anniversary.

33.

Ms. Kundert requested the option to continue working until at least August 10, 2020, but her request was rejected.

34.

After training her substantially younger replacement and raising concerns about her questionable inclusion in the layoff based due to her age, Allnex notified Ms. Kundert that it was moving her layoff date up from June 30, 2020, to April 17, 2020.

### COUNT ONE – AGE DISCRIMINATION IN VIOLATION OF THE ADEA, 29 U.S.C. § 621 *et seq.*

35.

Plaintiff incorporates by reference the prior paragraphs as if fully set forth

8

herein.

36.

Allnex is an employer covered by the ADEA, 29 U.S.C. § 621, *et seq*.

37.

Ms. Kundert was over the age of forty (40) at all times relevant to this Complaint and was seventy-three (73)-years-old at the time of her unlawful and discriminatory termination.

38.

Ms. Kundert was one of the oldest, if not the oldest, employee in her division at the time of her termination.

39.

Allnex used the alleged reorganization as an excuse to terminate an aging employee.

40.

Ms. Kundert was the only employee from her department laid off during the alleged reorganization, yet her position and/or job duties were given to a substantially younger employee.

41.

Ms. Kundert was not given the opportunity to stay in her position, nor was she advised that she could re-apply for her position.

42.

Ms. Kundert was replaced by a substantially younger employee believed to be in her late thirties (30s), approximately half the age of Ms. Kundert.

43.

Allnex's alleged reasons for terminating Ms. Kundert as part of a reorganization was pretextual. Ms. Kundert was the only employee in the Transportation Department who was terminated, but Ms. Kundert's job duties were not eliminated. Ms. Kundert was asked to interview and train her substantially younger replacement..

44.

Allnex terminated Ms. Kundert because of her age, in violation of the ADEA which prohibits discrimination in employment on the basis of age against persons over the age of forty (40).

45.

Allnex's conduct alleged in this Complaint is a willful and intentional violation of the ADEA which entitles the Plaintiff to liquidated damages.

46.

Allnex's unlawful actions caused Plaintiff to suffer lost income and benefits, lost opportunities for advancement, lost retirement benefits, costs and attorneys' fees, and other damages for which Allnex is liable.

## **COUNT TWO – RETALIATION UNDER THE ADEA**

47.

Plaintiff incorporates by reference the prior paragraphs as if fully set forth herein.

48.

After learning of her layoff and being asked to train a much younger employee to do her job duties, Ms. Kundert raised concerns of age discrimination due to her inclusion in the layoff based on her age and the timing of her layoff just before her twenty-fifth (25th) anniversary.

49.

Shortly after raising concerns of age discrimination, Ms. Kundert was

notified that her layoff was being moved up from June 30, 2020, to April 17, 2020.

50.

Allnex retaliated against Ms. Kundert for complaining of age discrimination when it expedited her layoff date after she raised concerns of age discrimination, which is prohibited by the ADEA, in violation of the ADEA, 29 U.S.C. § 623(d).

51.

Allnex's violations of the ADEA was willful, and Ms. Kundert seeks liquidated damages for each violation.

52.

Allnex's unlawful actions caused Plaintiff to suffer lost income and benefits, lost opportunities for advancement, lost retirement benefits, costs and attorneys' fees, and other damages for which Allnex is liable.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

(a) Find that Defendant violated the ADEA as described above;

(b) Order Defendant to make Plaintiff whole by reinstatement to her former position, with full back pay and other benefits and expenses in amounts to be proven at trial;

(c) If reinstatement is not feasible under the circumstances, grant Plaintiff front pay, including lost future benefits including medical insurance and

retirement benefits;

(d) Grant Plaintiff liquidated damages where applicable;

(e) Grant Plaintiff pre-judgment interest on all lost wages;

(f) Grant Plaintiff her costs in this action and reasonable attorney's fees as provided by law;

(g) Grant a trial by jury on all issues properly submitted to a jury; and

(h) Grant such additional relief as this Court deems proper and just.

Respectfully submitted, this 5th day of February 2021.

/s/ J. Daniel Cole
**J. Daniel Cole**
Georgia Bar No. 450675
Email: cole@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
75 14th Street, 26th Floor
Atlanta, GA 30309
Telephone: 404-873-8000
Fax: 404-873-8050

*COUNSEL FOR PLAINTIFF*